# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| MELVIN BAISEY, | : | | |
| Petitioner, | : | Civil Action No.: | 10-0352 (RMU) |
| v. | : | Re Document Nos.: | 7, 10 |
| PATRICIA R. STANSBERRY, | : | | |
| Respondent. | : | | |

## MEMORANDUM OPINION

### GRANTING THE RESPONDENT'S MOTION TO DISMISS; DENYING AS MOOT THE PETITIONER'S MOTION TO BE RELEASED ON BAIL

## I. INTRODUCTION

This matter is before the court on the respondent's motion to dismiss petitioner Melvin Baisey's petition for a writ of habeas corpus. Because the court lacks jurisdiction, it grants the respondent's motion to dismiss.[1]

## II. FACTUAL & PROCEDURAL BACKGROUND

In October 1976, the petitioner was sentenced for various offenses, including first-degree murder and armed robbery, in the Superior Court of the District of Columbia. Pet., Mem. in Supp. ("Petr's Mem.") at 1. The petitioner appealed to the District of Columbia Court of Appeals, which affirmed the conviction in February 1978. Respt's Mot. at 2.

In March 2010, the petitioner filed this petition for a writ of habeas corpus based on the purported ineffective assistance of his appellate counsel. *See generally* Pet. The petitioner has not filed any post-conviction motions in the Superior Court of the District of Columbia, nor has

---

[1] Accordingly, the petitioner's motion to be released on bail is denied as moot.

he filed a motion to recall the mandate with the District of Columbia Court of Appeals. Petr's Mem. at 2, 9.

## III. ANALYSIS

### A. The Court Lacks Jurisdiction Over the Petitioner's Claim of Ineffective Assistance of Appellate Counsel on Direct Appeal

The respondent argues that this court lacks jurisdiction because the petitioner has not demonstrated that his local remedy under District of Columbia law – specifically, D.C. Code § 23-110 – is inadequate or ineffective. Respt's Mot. at 9. The respondent points out that ineffective assistance of trial counsel claims are routinely brought under D.C. Code § 23-110, which has proven adequate in providing relief in similar circumstances. *Id*. at 11.[2]

The petitioner counters that § 23-110 is not available as a remedy for his ineffective assistance of appellate counsel claim.[3] Pet. ¶ 9; Petr's Mem. at 2. He adds that he is currently unable to file a motion to recall the mandate for ineffective assistance of appellate counsel

---

[2] The respondent also argues that the petition is time-barred under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which established a one-year statute of limitations on the filing of habeas petitions pursuant to 28 U.S.C. § 2254. *See* Respt's Mot. at 6-9. Because the court determines it lacks jurisdiction in this case, it does not consider respondent's arguments under the AEDPA.

[3] The court notes that, despite the petitioner's clear articulation that his claim is based on the ineffectiveness of his *appellate* counsel, *see* Pet. ¶¶ 8.A, 9; Petr's Mem. at 3-4, the respondent focuses almost its entire argument on why D.C. Code § 23-110 applies to the petitioner's alleged ineffective assistance of *trial* counsel, Respt's Mot. at 9-15. The respondent did not file a reply addressing the petitioner's clarification that his claim was based on the alleged ineffectiveness of his appellate representation. *See* Petr's Opp'n at 2 (stating that "[the p]etitioner directs the [c]ourt's attention to the fact that his claim in his petition relates to ineffective assistance of appellate counsel. It does not relate to ineffective assistance of trial counsel as asserted by [the] respondent"). In fact, the petitioner is correct that D.C. Code § 23-110 is not an available vehicle to bring claims of ineffective assistance of appellate counsel. *Williams v. Martinez*, 586 F.3d 995, 319 (D.C. Cir. 2009) (explaining that because "the [District of Columbia] Superior Court lacks authority to entertain a [§] 23-110 motion challenging the effectiveness of appellate counsel . . . § 23-110 does not bar [the petitioner's] habeas petition").

because the District of Columbia Court of Appeals has not maintained a docket connected with his direct appeal. Petr's Mem. at 9.

A petitioner may not seek a writ of habeas corpus in a federal court until he has exhausted his local remedies. 28 U.S.C. § 2254(c). Under District of Columbia law, an individual claiming ineffective assistance of appellate counsel may seek relief by moving the District of Columbia Court of Appeals to recall its mandate. *Williams v. Martinez*, 586 F.3d 995, 998-99 (D.C. Cir. 2009); *Watson v. United States*, 536 A.2d 1056, 1060 (D.C. 1987). "[S]uch a motion – filed directly in the D.C. Court of Appeals—is obviously not a 'remedy by [section 23-110] motion,' which is filed in the D.C. Superior Court." *Williams*, 586 F.3d at 998. Nevertheless, "[i]n light of the exhaustion requirement of 28 U.S.C. § 2254(c)," before seeking habeas relief, "the prisoner will first have to file a motion to recall the mandate with the [District of Columbia Court of Appeals]." *Id.*, at 1005 (Brown, J., concurring). As a result, "[n]o writ of habeas corpus may be granted by this court unless [the petitioner] can show that 'circumstances exist that render' the remedy by motion to recall the mandate 'ineffective to protect [his] rights.'" *Branch-El v. United States*, 2010 WL 737337, at *1 (D.D.C. Mar. 2, 2010) (quoting 28 U.S.C. § 2254(b)). This "remedy is not made ineffective or inadequate by a [petitioner's] procedural default in availing himself of it." *Id.* (dismissing a habeas petition for lack of jurisdiction because the petitioner's motion to the District of Columbia Court of Appeals to recall its mandate was denied as untimely); *see also Collier v. United States*, 1999 WL 1336229, at *1 (D.C. Cir. Dec. 15, 1999) (per curiam) (concluding that a petitioner's "[f]ailure to prevail in [the District of Columbia Court of Appeals] does not render his local remedies inadequate or ineffective").

In this case, the petitioner failed to file a motion to recall the mandate, timely or otherwise, with the District of Columbia Court of Appeals. *See generally* Petr's Mem. Thus, the petitioner had an available avenue for relief available to him in the District of Columbia Court of Appeals regarding his claim of ineffective assistance of appellate counsel. Moreover, the petitioner has not demonstrated any inability to seek relief before the District of Columbia Court of Appeals that was not caused by his own failure to file a timely motion. *See Branch-El*, 2010 WL 737337, at *1. Because the petitioner failed to show that he lacked an effective remedy under District of Columbia law as required by 28 U.S.C. § 2254(c), the court lacks jurisdiction over his petition for a writ of habeas corpus.

## IV. CONCLUSION

For the foregoing reasons the court grants the respondent's motion to dismiss and denies as moot the petitioner's motion to be released on bail. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 4th day of March, 2011.

RICARDO M. URBINA
United States District Judge