# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| MELVIN BAISEY, | : | | |
| | : | | |
| Petitioner, | : | Civil Action No.: | 10-352 (RMU) |
| | : | | |
| v. | : | Re Document No.: | 14 |
| | : | | |
| PATRICIA R. STANSBERRY, | : | | |
| | : | | |
| Respondent. | : | | |

## MEMORANDUM OPINION

### DENYING THE PETITIONER'S MOTION FOR A CERTIFICATE OF APPEALABILITY

## I. INTRODUCTION

This matter is currently before the court on the petitioner's motion for a certificate of appealability. The court previously denied the petitioner's application for a writ of habeas corpus for lack of subject-matter jurisdiction. The petitioner argues that the court should issue a certificate of appealability because reasonable jurists would find it debatable both whether the petition states a valid claim of the denial of a constitutional right and whether the court was correct in its jurisdictional ruling dismissing the petition. Because the court plainly lacks jurisdiction to entertain the petition, the court concludes that a certificate of appealability is not warranted and denies the petitioner's motion.

## II. FACTUAL & PROCEDURAL BACKGROUND

In October 1976, the petitioner was sentenced in the Superior Court of the District of Columbia for various offenses, including first-degree murder and armed robbery. Pet. at 1. The petitioner appealed to the District of Columbia Court of Appeals, which affirmed his convictions in February 1978. Respt's Mot. to Dismiss at 2.

In March 2010, the petitioner filed a petition for a writ of habeas corpus based on the purported ineffective assistance of his appellate counsel. *See generally* Pet. The petitioner has not filed any post-conviction motions in the Superior Court of the District of Columbia, nor has he filed a motion to recall the mandate with the District of Columbia Court of Appeals. *Id*. at 2, 9. Because the petitioner had not exhausted his local remedies in accordance with 28 U.S.C. § 2254(c) or, in the alternative, shown that he lacked an effective remedy under District of Columbia law as required by 28 U.S.C. § 2254(b), the court denied his petition for lack of subject-matter jurisdiction. *See generally* Mem. Op. (Mar. 4, 2011).

On March 15, 2011, the petitioner filed this application for a certificate of appealability. He argues that "jurists of reason would find it debatable" whether the district court erred in concluding that the petitioner had not exhausted his local remedies prior to filing his petition in this court. Petr's Mot. at 3. The court turns now to the applicable legal standards and the petitioner's arguments.[1]

### III. ANALYSIS

#### A. Legal Standard for a Motion for a Certificate of Appealability

A prisoner seeking an appeal from a decision on a petition for habeas corpus and whose detention arose from state court proceedings must first seek a certificate of appealability from a circuit justice or judge. 28 U.S.C. § 2253(c). Without a certificate of appealability, federal courts of appeals lack jurisdiction to rule on the merits of appeals from habeas petitioners. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). For the purposes of the statute, the phrase "circuit justice or judge includes district court judges," *United States v. Mitchell*, 216 F.3d 1126,

---

[1] The respondent has not filed an opposition to this motion.

1129 (D.C. Cir. 2000), and a court of the District of Columbia is considered a state court, *Madley v. U.S. Parole Comm'n*, 278 F.3d 1126, 1129 (D.C. Cir. 2002).

A court may issue a certificate of appealability only if the petitioner satisfies the threshold inquiry requirements of 28 U.S.C. § 2253. *Miller-El*, 537 U.S. at 336. Under § 2253, a certificate of appealability is appropriate "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If the court denied the petition on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where, as here, the court denied the habeas petition on procedural grounds without reaching any underlying constitutional claims, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* When a "plain procedural bar is present," however, and "the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id.*

### B. The Court Denies the Motion for a Certificate of Appealability

In his request for a certificate of appealability, the petitioner asserts that the district court incorrectly determined that it was "mandatory for [him] to file a motion to recall the mandate in the D.C. Court of Appeals regarding a claim of ineffective-assistance-of-appellate-counsel." Petr's Mot. at 4. Specifically, the petitioner argues that asking him to pursue a recall of the mandate as a remedy prior to seeking a habeas petition is requiring him to "do much more than

3

what Congress has intended a D.C. Code prisoner to do when attempting relief through federal habeas statutes," and is in fact contrary to the holding in a recent D.C. Circuit case.[2] *Id.* For these reasons, the petitioner claims that jurists of reason "would find the district court's findings debatable in every single respect." *Id.*

As discussed in the court's previous memorandum opinion, the petitioner in the instant case failed to file a motion to recall the mandate, timely or otherwise, with the District of Columbia Court of Appeals prior to seeking a writ of habeas corpus, and thus did not exhaust his local remedies in accordance with 28 U.S.C. § 2254(c). *See* Mem. Op. (Mar. 4, 2011) at 3-4. As a result, this court dismissed the petition, concluding that it lacked subject-matter jurisdiction. *Id.* at 4. Accordingly, a clear procedural bar prevented the court from hearing the merits of the habeas petition. *See id.* No reasonable jurist, therefore, could conclude that the court erred in dismissing the petition. *See Slack*, 529 U.S. at 484.

In addition, the petitioner challenges the court's decision not to hold an evidentiary hearing prior to dismissing the petition. *Id.* at 5. He argues that the court should have afforded him the opportunity to offer evidence to support his factual allegations. *Id.*

The Supreme Court has explained that "because the deferential standards prescribed by 28 U.S.C. § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate." *Schiro v. Landrigan*,

---

[2]  The petitioner cites an order issued by the D.C. Circuit in *Johnson v. Stansberry*, 2010 U.S. App. LEXIS 9830 (D.C. Cir. May 11, 2011), for the proposition that the "appellant need not show that moving to recall the mandate is ineffective in order for the district court to have habeas jurisdiction over his claim of ineffective assistance of appellate counsel." Petr's Mot. at 4. In addition to misquoting the order, however, the petitioner omitted the pertinent first portion of the sentence, which explains that the appellant in that case had exhausted his available local remedies. *Johnson*, 2010 U.S. App. LEXIS, at *3. More specifically, the appellant had moved to recall the mandate in the District of Columbia Court of Appeals, and was therefore not required to also prove that such a remedy would be ineffective to protect his rights. *Id*. Had the petitioner here exhausted his local remedies, he would be correct in asserting that he need not also show that moving to recall the mandate is ineffective to protect his rights.

4

550 U.S. 465, 474 (2007). In deciding not to convene an evidentiary hearing, the court considered the requirements of the statute, specifically the requirement that the petitioner exhaust all local remedies prior to seeking habeas relief in federal court. *See* 28 U.S.C. § 2254(c). Because the standards of the statute were not met, the court correctly declined to hold an evidentiary hearing.

## IV. CONCLUSION

For the foregoing reasons, the court denies the petitioner's motion for a certificate of appealability. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 13th day of July, 2011.

RICARDO M. URBINA
United States District Judge