UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MELVIN BAISEY, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Civil Action No. 10-0352 (PLF) |
| PATRICIA R. STANSBERRY, | ) ) ) | |
| Respondent. | ) ) | |

MEMORANDUM OPINION AND ORDER

    Petitioner Melvin Baisey's petition for a writ of habeas corpus was dismissed for lack of jurisdiction, see Order (Mar. 4, 2011) [Dkt. No. 11], and Mr. Baisey's request for a certificate of appealability was denied. See Order (July 13, 2011) [Dkt. No. 17]. Mr. Baisey then sought a certificate of appealability from the court of appeals, which denied his request and dismissed his appeal. See Order, Baisey v. Stansberry, No. 11-5006 (D.C. Cir. Feb. 29, 2012) ("D.C. Cir. Order") [Dkt. No. 26]. This action subsequently was reassigned to the undersigned upon the retirement of the presiding judge.

    Still pending is Mr. Baisey's motion under Rule 60(b) of the Federal Rules of Civil Procedure for relief from the March 4, 2011 Order dismissing his habeas corpus petition for lack of jurisdiction. See Motion for Relief from Judgment/Order ("Mot.") [Dkt. No. 21]. Mr. Baisey has filed a supplemental memorandum in support of that motion. See Memorandum of Points & Authorities ("Mem.") [Dkt. No. 27]. For the reasons explained below, the Court will deny the motion.

The habeas petition submitted by Mr. Baisey — who was convicted in 1976 of first degree felony murder, armed robbery, and other offenses in the Superior Court of the District of Columbia — is based on purported ineffectiveness of appellate counsel. Memorandum Opinion at 1 (Mar. 4, 2011) [Dkt. No. 12]. The petition was dismissed for lack of jurisdiction because Mr. Baisey failed to exhaust his local remedies, as required by 28 U.S.C. § 2254(c), by moving the District of Columbia Court of Appeals to recall its mandate, which is the method for raising a claim of ineffective assistance of appellate counsel in the D.C. courts. See id. at 3 (citing Williams v. Martinez, 586 F.3d 995 (D.C. Cir. 2009)).

In his Rule 60(b) motion, Mr. Baisey contends that he attempted to file a motion to recall the mandate with the District of Columbia Court of Appeals, but that he was informed by the clerk that because his case was over thirty years old, there is no docket relating to his direct appeal and therefore no action would be taken on his motion. Mot. at 1.

Mr. Baisey presented the same argument to the D.C. Circuit as part of the briefing on his request for a certificate of appealability, specifically calling the court's attention to his Rule 60(b) motion, which was already pending at the time. See Reply to Government's Opposition to Appellant's Request for a Certificate of Appealability ¶¶ 1-6, Baisey v. Stansberry, No. 11-5006 (D.C. Cir. Jan. 20, 2012). The appellate court rejected his argument, concluding that he "has not shown that he exhausted his available remedies in the District of Columbia courts," and that he "fails to demonstrate any inability to seek relief in the District of Columbia courts that was not caused by his own failure to file a timely motion to recall the mandate." D.C. Cir. Order at 1.

Because the court of appeals has rejected the precise argument that Mr. Baisey advances in his Rule 60(b) motion, the Court concludes that he is not entitled to relief on the basis of that argument.

In his supplemental memorandum, Mr. Baisey contends that the Supreme Court's decision in Martinez v. Ryan, 132 S. Ct. 1309 (2012), entitles him to relief.  Martinez held that where a state allows a prisoner to raise a claim of ineffective assistance at trial only in a collateral proceeding, and not on direct review, the prisoner's *pro se* status can establish "cause" to excuse his procedural default of that claim, a default that otherwise would bar federal habeas review under Coleman v. Thompson, 501 U.S. 722 (1991).  See Martinez v. Ryan, 132 S. Ct. at 1318.  By its terms, however, Martinez does not apply to Mr. Baisey's situation, because he raises a claim of ineffective assistance of *appellate* counsel.  Id. at 1319 (explaining that Coleman's holding "remains true except as to initial-review collateral proceedings for claims of ineffective assistance of counsel *at trial*") (emphasis added).  Martinez therefore offers no assistance to Mr. Baisey.

Accordingly, it is hereby

ORDERED that the petitioner's motion for relief under Rule 60(b) [Dkt. No. 21] is DENIED.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
DATE:  January 30, 2013                         United States District Judge